Curia, per
Nott, J.
With regard to the merits of this case the court concur with the chancellor, and have nothing to add to the views which he has taken in his decree. The only question on which it is thought necessary to make any observations, is that respecting the jurisdiction of the court. No question of jurisdiction was made in the court below, either by plea or answer. The defendants submitted to the jurisdiction until all the matters in issue had been investigated, and had undergone five years' litigation; and when a decree has been pronounced against them, they then, for the first time, allege that the court had no jurisdiction. It is difficult, perhaps, to set out the limits of the equity jurisdiction by visible metes and bounds, so that the lines and corners may be distinctly seen. There are certain cases of which the court alone will take cognizance; such as cases of trust, matters of account, specific performance of contracts and the like. There are other cases, the *subject matter of which cannot be brought within the pale of that court; such for instance, as slander, assault and battery, cases involving dry legal titles to land, &c. But there are other cases, such as cases of fraud, and a great variety of anomalous cases, of which the two courts have concurrent *414 jurisdiction; or, if not such as precisely come up to our notions of concurrent jurisdiction, may assume such a shape as to give jurisdiction to either the one court or the other. Thus, for instance, on a covenant to make titles to a tract of land, the party may at his option bring his action at law for a breach of the covenant, or he may go into a court of equity for a specific performance of the contract. There are also other cases : where the remedy at law is doubtful or difficult, or where a multiplicity or circuity of actions may be avoided, a court of equity will entertain jurisdiction, although the party might have sued at law. Now I take the rule to be, that in those cases which cannot, from the subject matter of the cases themselves, be brought within the pale of the equity jurisdiction, the objection may be made at any time. But with regard to all other cases, if the party submit to the jurisdiction, even though he had a remedy at law, he must abide by the decision, if it appear upon the face of the bill that the complainant has a remedy at law, the defendant may demur. If it should not appear upon the bill and the defendant in his answer shall deny all the equity, he may then object to the jurisdiction, and the complainant must proceed at his peril. But the objection will come too late after the decree is pronounced. Such is the rule laid down by Judges Kent and Thompson, in the case of Ludlow v. Simond, 2 Caines’s Cas. 1; and the quotation in that case from Baron Gilbert’s History of the Chancery Practice is strong and conclusive on that point.
In the case of Underhill v. Van Cortland, 2 Johns. Cha. Rep. 369, Chancellor Kent again lays down the *same rule, and says, “ It would be an abuse of justice if the defendants were to be permitted to protract a litigation to the last extent, and with the expense attending the suit, and then at the final hearing interpose this preliminary objection.”
Chief Baron Gilbert, in his History of the Chancery Practice, says, “Where the common law would give the same relief as a court of equity then if the defendant would deny the deed and demur to the relief', the demurrer would be allowed ; but if the defendant doth not demur to the relief, the court will decree for the plaintiff on the hearing, because the defendant admitted the jurisdiction by answering and putting it in issue. “The court of chancery,” says Lord Redes-dale, “being a superior court of general jurisdiction, nothing shall be intended to be out of its jurisdiction which is not shown to be so.” Red. Treat. (3d Lond. edit.) 183. And it is said in Sir John Warden’s case, before Lord Talbot, there was an objection for want of jurisdiction, and that the matter was properly triable at law ; but it being disclosed that he had filed a cross bill, the court did not enter into that objection, but said the defendants had given jurisdiction. 2 Madd. Cha. 283. But the case now' under consideration is still stronger, because the objection was not made until the cause ivas brought to this court, after a final decree had been pronounced. I do not however wished to be understood that I am of opinion that this was not a proper case for the court of equity. I am inclined to think the jurisdiction might be maintained upon principle. The motion must therefore be refused, and the decree affirmed.